A. GOODMAN *et al.* Appellees, *vs.* CLARK P. WILDER, Receiver, Appellant.

*Opinion filed April 23, 1908—Rehearing denied June 3, 1908.*

1. RECEIVERS—*object of a receivership is to conserve the property.* The object of a receivership is to conserve the property for the benefit of the creditors and owners, and not to consume it in fees, costs and expenses.

2. SAME—*when court need not hear oral testimony as to value of receiver's services.* If a receiver, in asking the court to fix his compensation, relies upon his reports, petitions and accounts as furnishing sufficient information to the court, he is not entitled to demand that the court hear oral evidence or refer the case to a master in chancery after the court has announced the amount at which compensation will be fixed, where the amount is satisfactory to all parties but the receiver and is ample compensation for the services performed, as fully disclosed by the reports and accounts.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. J. W. MACK, Judge, presiding.

WILLIAM T. FISHER, and H. CLAY CALHOUN, for appellant.

LEON S. ALSCHULER, (JOHN P. AHRENS, of counsel,) for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming the order and decree of the circuit court fixing the compensation of the appellant for services as receiver of the Co-operative Distilling and Rectifying Company.

Appellant was appointed receiver of the corporation September 30, 1903, and from time to time made reports of his acts and doings in relation to said receivership. On

the 16th day of August, 1904, he filed a report of all his actions in said receivership from the time of his appointment up to the time of filing his report. In addition to reporting the condition of the estate and property, receipts and disbursements, he set out in detail the amount of time he claimed to have given to the care of the property and estate in his charge as receiver and what he considered his services as such receiver worth. This report showed receipts by the receiver of $5339.99 and disbursements on account of preferred claims and expenses of the receivership of $2958.24, leaving a balance in his hands of $2381.75 cash. The receipts mentioned in this report represented the entire property and assets of the corporation converted into cash, except $1695.83 of open and uncollected accounts and a possible stock liability of some subscribers for stock of the corporation, but no steps have been taken to enforce this possible liability. In this report appellant stated he had never received any compensation as receiver and that his services were reasonably worth $2275, and asked an order of court allowing him to retain said sum of money as his compensation. Objections were filed to the report, and on February 6, 1906, appellant filed a supplemental report, in which, among other things, he stated he had been compelled to give the receivership considerable time since the filing of his report in August, 1904, and asked for a reasonable compensation for those services in addition to the claim set forth in his report of August, 1904. Objections were filed to this report also. The certificate of evidence recites that the cause came on to be heard upon the receiver's report, accounts and petition for compensation, and the objections filed thereto, on the 26th day of February, 1906, at which time appellant, "to sustain the issues on his part, offered in evidence his several petitions, reports and accounts theretofore filed in said cause by said receiver." Then follow copies of petitions, reports and accounts filed by appellant as receiver, covering nearly one hundred pages of the cer-

tificate of evidence, which the certificate recites "was all the evidence offered or received upon the hearing of the application of the receiver to have the amount of his compensation for services in this cause fixed by the court." The court thereupon announced that the receiver's compensation would be fixed at $750. Counsel for the objectors stated they were satisfied with the amount allowed and did not desire to offer any evidence. The court directed an order to be prepared fixing the compensation of the receiver at $750. On the 5th day of March, 1906, and before the order had been prepared and filed, counsel for appellant asked the court to reconsider his decision, and also asked leave to file a supplemental report and petition of said receiver. No order appears to have been made by the court at that time on said motion, but on June 22, 1906, all the parties being present, the court announced he would not change the allowance of $750 made by him, and thereupon, and before the order was filed, appellant asked leave to introduce oral evidence as to the value of his services. This was denied, and thereupon appellant moved the court to refer the question of his compensation to a master in chancery to take proofs and report his findings. This motion was denied and the order entered by the court fixing his compensation at $750. This order has been affirmed by the Appellate Court, and the case is brought here by appellant from that court.

It is insisted that the amount allowed appellant is grossly inadequate compensation for the services rendered by him, and that as the receivership had only been before the chancellor who fixed his compensation a part of the time during which the services were rendered, it was error to refuse to hear oral evidence as to the value of the services performed, and that it was an abuse of discretion to fix the compensation at so small a sum without hearing oral testimony. There was no contest over the appointment of a receiver for the corporation. It was insolvent and had ceased doing business. Appellant was a stockholder in and the manager

of the corporation at the time of his appointment as receiver. Its assets and property were comparatively of small value, and no especial skill or great labor was required to settle and close up its affairs and business.    These facts fully appear from the reports, petitions and accounts filed from time to time by the receiver, and which, alone, he offered in evidence and relied upon when he asked the court to fix his compensation.    It must have been his opinion that these documents gave the court sufficient information to enable him to determine and fix the value of the receiver's services, for he offered no other evidence.    After the court had announced its decision as to the amount that would be allowed, and after the objectors had expressed themselves as satisfied and stated that they did not desire to offer any evidence, it was not erroneous, neither was it an abuse of discretion, for the court to refuse to re-open the case and allow oral testimony to be heard or to refer the question to a master in chancery.    This is especially true in view of the fact that no amount of oral testimony would have justified any material increase allowed by the court.    Practically all the expenditures shown to have been made by appellant's reports were on account of the administration of the receivership, $750 of which was attorney's fees.    Nothing was paid by him to the general creditors of the corporation, and to have allowed him the compensation claimed would have absorbed the entire assets of the corporation.    The object and purpose of a receivership is to conserve the property for the benefit of creditors and owners, and not to eat it up in fees, costs and expenses.

In our opinion the Appellate Court did not err in affirming the order and decree of the circuit court, and its judgment is affirmed.                    *Judgment affirmed.*